IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-60779
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM LEE YOUNG, a/k/a
WILLIAM YOUNG

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:95-CR-44-LN
- - - - - - - - - -

September 20, 1996

Before JONES, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

William Lee Young appeals his jury convictions for mail theft.  Young complains that the district court erred by denying his motion to suppress evidence, by admitting as evidence a prior statement of culpability, by denying a base-offense-level adjustment for acceptance of responsibility, by increasing his base offense level under U.S.S.G. § 4B1.3, and by departing upwardly from the sentencing guidelines based on his recidivism.

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Our review of the record and the arguments and authorities convince us that no reversible error was committed. The district court did not err in denying Young's motion to suppress his statements and the seized evidence because Young was not in custody prior to his arrest and, therefore, his rights under Miranda did not attach. See Berkemer v. McCarty, 468 U.S. 420, 439 (1984). The district court did not err by admitting a video tape of a previous interview with Young because it fell under an exception to Rule 404(b) as evidence to show "modus operandi," or knowledge, intent, and a plan. See United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978)(en banc), cert. denied, 440 U.S. 920 (1979). The district court did not err by denying the downward adjustment for acceptance of responsibility because by going to trial, Young denied his guilt and put the Government to its burden of proof on every element of the crime. See U.S.S.G. § 3E1.1, comment. (n.2). Young did not need to proceed to trial to assert or preserve his Fourth Amendment claims because he raised these challenges in his pretrial motion to suppress evidence. The district court did not err by adjusting Young's base offense level upward pursuant to § 4B1.3 because it properly used the stolen credit card limits to determine the income derived from Young's criminal activity, see United States v. Sowels, 998 F.3d 249, 251-52 (5th Cir. 1993); United States v. Quertermous, 946 F.2d 375, 377 (5th Cir. 1991), and because the crime of stealing mail was his primary occupation by his own admissions. The district court did not abuse its discretion by

departing upwardly from the sentencing guidelines based on its finding that Young's Criminal History Category did not adequately reflect the seriousness of his past criminal activity.  See United States v. Lambert, 984 F.2d 658, 660 (5th Cir. 1993)(en banc); §§ 4A1.3, p.s.; 5K2.0, p.s.  The district court issued a reasonable upward departure based on valid reasons.  United States v. Ashburn, 38 F.3d 803, 809 (5th Cir. 1994)(en banc), cert. denied, 115 S. Ct. 1969 (1995); United States v. Chappell, 6 F.3d 1095, 1102 (5th Cir. 1993).

The reply brief submitted on appeal is composed of material written and typed by Young, yet is signed by Young's court-appointed counsel.  This brief is stricken from the record because it constitutes hybrid representation, and there is no right to such representation on appeal.  See United States v. Daniels, 572 F.2d 535, 540 (5th Cir. 1978).

AFFIRMED; REPLY BRIEF STRICKEN.